# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: April 10, 2024

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| ANTONIO ILLIANO, | * | |
| | * | |
| Petitioner, | * | No. 19-0884V |
| | * | Special Master Oler |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * | | |

*Ronald Craig Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.
*Julia Marter Collison,* United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On June 17, 2019, Antonio Illiano ("Petitioner") filed a petition, seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program"). [2] Pet., ECF No. 1. Petitioner alleges he suffered from optic neuritis ("ON") and residual effects as a result of the tetanus, diphtheria, and acellular pertussis ("Tdap") vaccination he received on April 20, 2017. *Id*. On May 23, 2023, I issued a decision awarding compensation to Petitioner, based upon the parties' stipulation. (ECF No. 61).

On November 2, 2023, Petitioner filed an application for final attorneys' fees and costs.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2018)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

("Fees App."). (ECF No. 66). Petitioner requests total attorneys' fees and costs in the amount of $57,732.70, representing $50,192.50 in attorneys' fees and $7,540.20 in attorneys' costs. Fees App. at 2. Pursuant to General Order No. 9, Petitioner has indicated that he personally incurred $7.15 in costs related to the prosecution of his petition. (ECF No. 67). Respondent responded to the motion on November 7, 2023, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting "that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3. (ECF No. 68). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

**I.  Reasonable Attorneys' Fees and Costs**

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because Petitioner was awarded compensation pursuant to a stipulation, he is entitled to a final award of reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

   a.  **Reasonable Hourly Rates**

Petitioner requests the following rates of compensation for his counsel: for Mr. Ronald Homer, the rate of $430.00 per hour for work performed in 2019, $447.00 per hour for work performed in 2020 and 2021, $475.00 per hour for work performed in 2022, and $500.00 per hour for work performed in 2023; for Ms. Christina Ciampolillo, the rate of $380.00 per hour for work performed in 2020, and $470.00 per hour for work performed in 2023; for Mr. Joseph Pepper the rate of $325.00 per hour for work performed in 2019, $355.00 per hour for work performed in 2020 and 2021, $415.00 per hour for work performed in 2022, and $455.00 per hour for work performed in 2023; for Ms. Meredith Daniels, the rate of $294.00 per hour for work performed in 2018, $320.00 per hour for work performed in 2019, $350.00 per hour for work performed in 2020

and 2021, $410.00 per hour for work performed in 2022, and $455.00 per hour for work performed in 2023; for Ms. Lauren Faga, the rate of $425.00 per hour for work performed in 2023; for Mr. Patrick Kelly, the rate of $225.00 per hour for work performed in 2020 and 2021, and $305.00 per hour for work performed in 2023; for paralegal time, the rate of $138.00 per hour for work performed in 2017, the rate of $142.00 per hour for work performed in 2018, $145.00 per hour for work performed in 2019, $155.00 per hour for work performed in 2020 and 2021, $170.00 per hour for work performed in 2022, and $185.00 per hour for work performed in 2023.

The attorney and paralegal hourly rates requested for work performed through the end of 2023 are reasonable and consistent with what counsel and paralegals have previously been awarded for their Vaccine Program work and the undersigned finds them to be reasonable herein. However, the hourly rates requested for work performed by individuals identified as law clerks, presumably law students, requires adjustment.

Petitioner requests attorneys' fees for work performed by law students as follows: 10.8 hours billed at an hourly rate of $155 in 2019; 0.2 hours billed at an hourly rate of $165 in 2020; and 0.4 hours billed at an hourly rate of $195 in 2023. ECF No. 66 at 8-9, 13-14, 16-17, 24, 44. However, these hourly rates exceed the student hourly rate paid in other cases - $145 in 2019; $150 in 2020-2021; and $165 in 2022-2023. *E.g., Wnuk v. Sec'y of Health & Hum. Servs.*, No. 21-0679V, 2023 WL 4195520, at *2 (Fed. Cl. Spec. Mstr. May 26, 2023). Accordingly, I shall instead compensate the law students' work in this case at these lower rates. **This reduces the amount of fees to be awarded by $123.00.[3]**

### b. Reasonable Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Hum. Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

Upon review, the undersigned finds the majority of the hours billed to be reasonable. However, a small amount must be reduced for attorney time billed for review of status reports prepared by other attorneys. The undersigned notes that it is common practice for Conway, Homer, P.C. to have several attorneys assist over the course of a case. In some instances, such as when preparing substantive documents like the petition, briefs, and settlement demands, it is reasonable to have another set of eyes review that document. However, it is not reasonable to have an attorney bill for time to review routine filings, such as status reports and motions for enlargement of time, when those filings were prepared (and billed for) by another attorney. This is not the first time the undersigned or other special masters have noted this particular issue concerning Conway, Homer, P.C. billing practices. *See, e.g., Manetta v. Sec'y of Health & Hum. Servs.,* No. 18-172V, 2020 WL 7392813, at *2 (Fed. Cl. Spec. Mstr. Nov 19, 2020); *Lyons v. Sec'y of Health & Hum. Servs.*,

---

[3] ($155 - $145) x 10.8 hrs. + ($165 - $150) x 0.2 hrs. + ($195 - $165) x 0.4 hrs. = $123.00.

No. 18-414V, 2020 WL 6578229 (Fed. Cl. Spec. Mstr. Oct. 2, 2020). A reduction of **$730.00** shall be made to address this issue.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $7,540.20 in attorneys' costs. This amount is comprised of acquiring medical records, postage, the Court's filing fee, and work performed by Petitioner's experts. Petitioner has provided adequate documentation supporting all requested costs and Respondent also has not identified any specific costs as objectionable. The undersigned finds these costs to be reasonable and shall fully reimburse them.

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs is reasonable. The undersigned finds that it is reasonable to compensate Petitioner and his counsel as follows:

| Attorneys' Fees Requested | $50,192.50 |
|---|---|
| (Reduction to Fees) | ($853.00) |
| **Total Attorneys' Fees Awarded** | **$49,339.50** |
|  |  |
| Attorneys' Costs Requested | $7,540.20 |
| (Reduction to Costs) | - |
| **Total Attorneys' Costs Awarded** | **$7,540.20** |
|  |  |
| **Petitioner's Costs Awarded** | **$7.15** |
|  |  |
| **Total Amount Awarded** | **$56,886.85** |

**Accordingly, the undersigned awards the following:**

1) **a lump sum in the amount of $56,879.70 representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel of record, Ronald Craig Homer; and**

2) **a lump sum in the amount of $7.15, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master
